UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

GARY R. ELERICK,

        Petitioner,

  vs.

KNIPP,

        Respondent.

No. C 13-0744 PJH (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**

      This is a habeas case brought pro se by a state prisoner under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss on the grounds that the petition is successive. Petitioner has not filed an opposition, but has filed a motion to stay. For the reasons set forth below, the motion to dismiss is granted.

## DISCUSSION

**Successive Petitions**

      "A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed...." 28 U.S.C. § 2244(b)(2). This is the case unless,

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and

    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2).

However, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

Petitioner pleaded no contest in Santa Clara County Superior Court case CC577645 and on March 7, 2007, was sentenced to prison for 28 years to life and a consecutive term of 25 years. Plaintiff appealed the conviction and later filed a federal habeas petition in this court, *Elerick v. Martel*, No. C 09-1354 PJH (PR). The court denied the habeas petition on the merits on October 25, 2010, and denied a certificate of appealability. The Ninth Circuit also denied a certificate of appealability on April 27, 2012.

The instant federal petition is successive as it again concerns petitioner's conviction in Santa Clara County Superior Court case CC577645. Before petitioner can proceed with the instant application, he must move in the Ninth Circuit for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). Therefore, petitioner's application must be dismissed to its refiling upon obtaining authorization from the Ninth Circuit. Petitioner does not contest that the petition is successive, but seeks a motion to stay. As the petition is successive, petitioner's motion for a stay is denied as unnecessary and he may re-file this case if he receives authorization from the Ninth Circuit.

## CONCLUSION

1. Respondent's motion to dismiss (Docket No. 8) is **GRANTED** as discussed above. The petition is **DISMISSED**. The clerk shall close the file.

2. Petitioner's motion to stay (Docket No. 11) is **DENIED**.

## APPEALABILITY

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability in the order. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability. *See* 28 U.S.C. § 2253(c); Fed. R. App.

P. 22(b). Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here. *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.* at 484-85. "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485. Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here. *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claim as reasonable jurists would not find the court's findings debatable. The court therefore DENIES a COA.

**IT IS SO ORDERED.**

Dated:  January 3, 2014.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\Elerick0744.mtd.wpd

3